**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ILAN AVNIELI, an individual, and HEATHER AVNIELI, an individual,<br>　　　　　　　Plaintiffs,<br>　　v.<br>RESIDENTIAL CREDIT SOLUTIONS, INC., a corporation; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWALT, INC, ALTERNATIVE LOAN TRUST 2004·20T1, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2004-20T1, an unknown business entity; FIRST AMERICAN TITLE INSURANCE COMPANY, a corporation; and DOES 1 through 20, inclusive,<br>　　　　　　　Defendants. | Case No. 5:15-cv-02877-ODW-PJW<br><br>**ORDER INSTRUCTING DEFENDANTS TO SUBMIT SUPPLEMENTAL JURISDICTIONAL BRIEFING AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [11]** |

## I.　JURISDICTION

On April 17, 2015, Residential Credit Solutions, Inc. and The Bank of New York Mellon ("Defendants") removed this action to federal court. (ECF No. 1.) On June 3, 2015, Defendants filed a Motion to Dismiss (ECF No. 11) in response to which Plaintiff filed a First Amended Complaint ("FAC") on June 24, 2015 (ECF No.

13).  Upon review of the Motion and the pleadings, the Court reexamined jurisdiction and now questions whether it has federal subject-matter jurisdiction.

There are two ways a party can bring a case within the jurisdiction of federal courts: (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship under 28 U.S.C. § 1332.  Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states.  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see also* Federal Rule of Civil Procedure 12(h)(3) (providing that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time).

However, there is an exception to the diversity analysis for a nominal party.  The Ninth Circuit has held that courts should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant."  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (finding that managing shareholders were essentially constructive trustees with no stake in the outcome of the litigation).  The removing party bears the burden of demonstrating that a defendant is a nominal party.  *Silva v. Wells Fargo Bank, N.A.*, CV 11–3200–GAF (JCGx), 2011 WL 2437514, *3 (C.D. Cal. June 16, 2011).  Thus, in this case, that burden is on Defendants.  (ECF No. 1.)

Defendants did not allege First American Title's ("FAT") citizenship in the Notice of Removal ("NOR") or FAT's *federal* nominal defendant status.  (ECF No. 1.)  Defendants relied solely on FAT having filed a Declaration of Nonmonetary Status ("DNMS") in accordance with California Civil Code section 2924l in order to claim that FAT is a nominal party.  *Erie R.R. Co. v. Tompkins* held that *federal* courts with diversity jurisdiction are bound by *state substantive law* and follow *federal procedural law*.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

2

California Civil Code section 2924l is a state procedural device designed to eliminate the need for a nominal party to participate in an action as it sets the procedure for filing and serving, the time for objections, and result of a party's failure to timely object. Cal. Civ. Code § 2924l. California procedure requires no actual showing that the filing party is nominal and only declares that the party has a "reasonable belief" that it "has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." *Segura v. Wells Fargo, N.A.*, No. CV–14–04195–MWF (AJWx), 2014 WL 4798890, *3 (C.D. Cal. Sept. 26, 2014), quoting Cal. Civ. Code § 2924l(a). Because it is well established that *federal* courts apply *federal procedure* (*see Erie R.R. Co.*, 304 U.S. 64 (1938)), this Court is not bound by the mechanism of a DNMS. *See Segura*, 2014 WL 4798890, at *3.

Defendants cite two California district court cases to support their conclusion that FAT is a nominal party pursuant to state procedure. (ECF No. 1.) Defendants did not show that FAT is a nominal party pursuant to federal procedure, nor did they show that the district court cases cited correctly interpreted the nominal party exception to diversity jurisdiction. This is insufficient and creates doubt that the case was properly removed to federal court.[1] In addition, the Complaint and FAC state claims directly against FAT pertaining to its acts or omissions. Thus, this Court requires information at to FAT's citizenship or nominal status.

Therefore, the Court **ORDERS** Defendants to submit supplemental briefing, not to exceed three pages, by **Friday, July 17, 2015**, alleging the citizenship of First American Title or establishing why First American Title's citizenship should not be considered for the purpose of determining diversity jurisdiction under federal law. Failure to timely and adequately respond will result in remand of the present action.

---

[1] If there is any doubt regarding the existence of subject-matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## II. MOTION TO DISMISS

Defendants filed a Motion to Dismiss ("MTD") the Complaint on June 3, 2015. (ECF No. 11.) Plaintiffs subsequently filed a FAC on June 24, 2015 in lieu of an opposition to the MTD. (ECF No. 13.) Defendants are not required to file a new MTD simply because an amended complaint was introduced while their MTD was pending. Section 1476 Effect of an Amended Pleading, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.). However, Plaintiffs' FAC seems to directly address the arguments asserted in Defendants' MTD. (*See generally* ECF No. 13.) Therefore, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (ECF No. 11.) Pending the result of the supplemental briefing, Defendants may file a new motion to dismiss Plaintiffs' FAC.

**IT IS SO ORDERED.**

July 7, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**